IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DENISE YARBROUGH                                                        PLAINTIFF

vs.                                                     No. 1:04CV253-D-D

KENTUCKY FINANCE
COMPANY, INC.; et al.                                        DEFENDANTS

<u>OPINION GRANTING MOTION TO REMAND</u>

Presently before the court is the Plaintiff's motion to remand this cause to the Circuit Court of Winston County, Mississippi. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

*A. Factual Background*

The Plaintiff entered into various consumer loan and credit insurance agreements with the Defendants. The Plaintiff filed a complaint in the Circuit Court of Winston County on July 12, 2004, alleging, *inter alia*, fraudulent misrepresentation and negligence in connection with the loan and insurance transactions.

The Defendants removed the case to this court on August 20, 2004, asserting diversity jurisdiction as the basis for removal. Thereafter, the Plaintiff motioned the court to remand this matter to state court contending that because the amount in controversy requirement has not been satisfied, federal diversity jurisdiction does not exist and this court lacks subject matter jurisdiction.

*B. Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L. Ed. 1214 (1941).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Specifically, in cases such as this one, where the plaintiff concedes that the action is between citizens of different States but asserts that diversity jurisdiction does not exist due to the amount in controversy being less than $75,000, the plaintiff's claim for damages - as set forth in the complaint - remains presumptively correct unless the removing defendants can show by a preponderance of the evidence that the amount in controversy is actually greater than $75,000. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L. Ed. 2d 890 (1961) (holding that amount in controversy is determined from complaint itself, unless it appears that "the amount stated in the complaint is not claimed in good faith."); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L. Ed. 845 (1938); St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); De Aguilar, 47 F.3d at 1412. As a result, unless the defendants can meet their burden, the plaintiff may avoid federal diversity jurisdiction by pleading, in good faith,

state court damages below the minimum federal jurisdictional amount. See St. Paul Mercury, 303 U.S. at 294 (holding that plaintiff who does not "desire to try his case in federal court ... may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) ("[I]f a plaintiff pleads damages less than the jurisdictional amount, he generally can bar a defendant from removal.").

In order to determine if the removing defendants have met their burden, the court determines whether it is "facially apparent" from the plaintiff's complaint that the amount in controversy exceeds the jurisdictional minimum. Allen, 63 F.3d at 1335. In deciding this issue, the court simply examines the complaint and ascertains whether the amount in controversy is likely to exceed $75,000, referring to the types of claims alleged by the plaintiff as well as the nature of the damages sought. Allen, 63 F.3d at 1335-36.

If the removing defendants are able to establish that the amount in controversy exceeds $75,000, removal of the cause is deemed proper unless the plaintiff shows that, as a matter of law, it is certain that she will not be able to recover more than $75,000. Allen, 63 F.3d at 1335-36; De Aguilar, 47 F.3d at 1411. In other words, once the removing defendants have established by a preponderance of the evidence that the federal jurisdictional minimum has been met, it must appear to a "legal certainty" that the plaintiff's claim is for less than the jurisdictional amount; otherwise, the federal jurisdictional amount is deemed to have been met. De Aguilar, 47 F.3d at 1412.

For the reasons set forth below, the court finds that the Defendants have not met their burden because they are unable to prove by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000. Thus, the Plaintiff's motion to remand this cause shall be granted

pursuant to 28 U.S.C. § 1447(c).

## C. Discussion

### 1. The Plaintiff's Motion to Remand

Here, the Plaintiff is not seeking a specified amount of damages. Instead, her complaint simply states that she "in no way seek[s] a total award, including compensatory and punitive damages, court costs, attorney fees, interest, etc., in an amount equal to or greater than $75,000." See Complaint at 31. The burden is on the Defendants, therefore, to prove by a preponderance of the evidence that the amount in controversy actually exceeds $75,000. De Aguilar, 47 F.3d at 1409.

In attempting to meet their burden, the Defendants do not allege that the Plaintiff has failed to act in good faith in seeking less than the minimum federal jurisdictional amount; instead, they argue that the Plaintiff's inclusion of claims for equitable relief, in addition to the other claims advanced by the Plaintiff, demonstrate by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000. The Defendants correctly state that, when a plaintiff seeks both damages and equitable relief in a lawsuit, the value of the equitable relief is added to the amount of damages claimed in order to determine the amount in controversy. See, e.g., Leonard v. Enterprise Rent A Car, 279 F.3d 967, 973 (11th Cir. 2002); Cooper v. Gateway Cos., No. 4:02CV24LN, slip op. at 3 (S.D. Miss. July 18, 2002).

In so arguing this point here, however, the Defendants overlook the fact that, in her complaint, the Plaintiff specifically limits her recovery from all claims to $75,000 or less, which is below the federal jurisdictional minimum. In light of the language in the complaint, the court finds that the Defendants' attempt to suggest that the limitation on total recovery to $75,000 does not apply to the Plaintiff's equitable claims is without merit. It is clear that the $75,000 limit on

recovery does apply to all of the Plaintiff's claims.

Thus, the court finds that the Defendants' assertions that the amount in controversy exceeds $75,000 in this cause are without merit.  See Allen, 63 F.3d at 1335 (holding that "removal ... cannot be based simply upon conclusory allegations [regarding the amount in controversy]"); De Aguilar, 47 F.3d at 1411 ("The possibility that plaintiff may in the future seek or recover more damages is insufficient to support federal jurisdiction now."); McLain v. American Int'l Recovery, Inc., 1 F. Supp. 2d 628, 630-31 (S.D. Miss. 1998) (stating that "[u]ntil a defendant receives in writing, a statement that suggests that a plaintiff plans to seek more than $75,000 in damages, the case is not removable to federal court.").  As such, the court determines the amount in controversy from the Plaintiff's complaint itself, which does not claim damages in excess of the federal jurisdictional minimum amount and instead specifically limits any recovery to $75,000 for all claims asserted.

2.  Attorney's Fees and Costs

The Plaintiff requests an award of attorney's fees, costs, and sanctions in connection with her motion to remand.  In doing so, the Plaintiff invokes 28 U.S.C. § 1447(c), which provides that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," as well as Rule 11 of the Federal Rules of Civil Procedure.

The Fifth Circuit has held that while district courts have discretion in deciding whether to award costs and fees to non-removing parties, the central question that district courts must consider in exercising their discretion is whether the removing party had objectively reasonable grounds to believe that removal was legally proper.  Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000).  Here, the court finds that, while it is a close question, the removing Defendants had

objectively reasonable grounds to believe that the removal was legally proper; the question of potential federal jurisdiction was legitimate, and an award of fees, costs, or sanctions is not justified. As such, the Plaintiff's request for costs, fees, and sanctions shall be denied.

*D. Conclusion*

In sum, the court finds that the Defendants have failed to meet their burden to show by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. As such, federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 does not exist, this court does not possess subject matter jurisdiction, and the Plaintiff's motion to remand shall be granted. The Plaintiff's request for an award of fees and costs, however, shall be denied.

A separate order in accordance with this opinion shall issue this day.

This the 18th day of April 2005.

/s/ Glen H. Davidson
Chief Judge
